IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON PHILLIP STULL,

                Plaintiff,                           OPINION AND ORDER

    v.                                                    22-cv-624-wmc

DEPUTY MIRANDA,
DEPUTY MARSHALL,
DEPUTY VOO,
and DEPUTY MATTSON,

                Defendants.

---

    Plaintiff Brandon Stull, who is representing himself in this lawsuit, is proceeding on Eighth Amendment claims against Dane County Jail Deputies Miranda, Marshall, Voo, and Mattson for punishing him while he was suffering from mental health crises and not alerting staff to his need for treatment. Specifically, Stull alleged his mental health problems caused him to shake his cell bars and punch the walls, but the deputies placed him on lockdown or suicide watch instead of helping him. (Compl. (dkt. #1) 3.) Now before the court is defendants' motion for summary judgment on the ground that Stull failed to exhaust his administrative remedies as to his claims in this case, which must be granted for reasons explained below.

BACKGROUND

    At the relevant time, the Dane County Jail had policies and procedures in place that governed inmate grievances. Policy 600.08 explains that inmates should submit grievances electronically, and an inmate who submits a grievance should receive a decision within ten business days. (Dkt. #37-1, at 7, 9.) If an inmate is dissatisfied with the decision, he or

she has five business days from the date of the response to appeal. (*Id.* at 8.) There is also a separate hearing and appeals process for "major discipline" that is governed by section 607.04. (Voeck Aff. (dkt. #37) ¶¶ 9-10.) In that process, however, an inmate may waive the formal disciplinary hearing and instead request an informal hearing, but he or she may not appeal from discipline imposed at an informal hearing. (Dkt. #37-3, at 2.)

Stull submitted several mental-health-related grievances in 2022:

- Grievance 197705362 alleged he had informed the mental health unit that: he did not understand why he had been rearrested; he needed more mental health help; and the mental health unit was unhelpful. Stull also alleged he told an unidentified jail deputy that he wanted to file a grievance against mental health staffers because they denied him help. In response to Stull's grievance, jail staff stated that he had already received two mental health assessments and asked what additional mental health services he desired, and since he never responded, staff deemed the grievance "unfounded." Stull did not appeal the denial of this grievance.

- Grievance 203768402 separately alleged that mental health professionals were seeing him, but they were not helping him get into a "place." Stull also alleged that he talked with the Deputy Marshall to resolve this issue.[1] In response to his grievance, jail staff wrote that the mental health unit would do its best to provide referrals and set up mental health services. Stull appealed, but that appeal was denied.

---

[1] Stull also alleged that "Deputy Peterson," who is not a defendant in this case, knew about his history of mental health difficulties but did nothing to help him.

2

(Dkt. #37-2, at 5, 9-10.)

In addition to these two relevant grievances, Stull was subject to "major discipline" on many occasions and placed in lockdown for, among other things, shaking the bars of his cell. (*E.g.*, dkt. #37-4, at 1-2.) However, he appears to have waived his rights to formal disciplinary hearings and did not appeal any discipline received. (Dkt. #37-4 and Voeck Aff. (dkt. #37) ¶ 11.) Specifically, several of the disciplinary hearing forms that he signed include an acknowledgement of his understanding that he "may waive [his] rights associated with the formal hearing and request immediate determination by the designated Hearing Specialist. The rights to the formal hearing being waived [were his] right to witnesses, [his] right to a staff advocate and [his] right to appeal the determination of th[e] hearing." (Dkt. #37-4, at 1, 3, 23.) When Stull could not complete the paper waiver, staff read the notice of hearing to him, after which he verbally waived a formal hearing. (*Id.* at 5, 8, 10, 12, 15.) However, there were also several disciplinary forms where it appears that Stull could not complete the paper form, and jail staff incorrectly signed on his behalf without indicating that they had read him the waiver. (*E.g. id.* at 17.)

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

3

exhausted."[2]  Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a).  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), *and* filing all necessary appeals "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendants must prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018); and at summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendants argue that they are entitled to summary judgment because plaintiff did not pursue any grievance as to the deputies allegedly punishing him for a mental illness. Further, defendants assert that plaintiff did not exhaust the same issue in his disciplinary proceedings because he waived a formal hearing and his right to appeal in all proceedings.

---

[2] According to Mary Voeck, Sergeant of Security Services at Dane County Jail, Stull was incarcerated at Dane County Jail from June 20, 2022 to July 18, 2022, and from July 30, 2022 to March 8, 2023.  (Voeck Aff. (dkt. #37) ¶ 4.)  Plaintiff was incarcerated at the time that he filed this lawsuit, so he is subject to the exhaustion requirements.  *See Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) ("In determining whether a plaintiff is a 'prisoner confined in jail,' [courts] must look to the status of the plaintiff at the time he brings his suit.")

Plaintiff responds in his motion to "squash" that he exhausted his remedies because he had already submitted grievances about his lack of mental health treatment.[3]

Here, plaintiff's allegations in his grievances were insufficient to put the jail on notice of the wrong for which he seeks redress. An inmate's complaint "will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quotation marks omitted). Although two of plaintiff's grievances addressed his mental health treatment needs, *neither* grievance alleged that the defendant deputies punished him for having mental health crises or for not alerting mental health staff to his needs. In the first grievance, plaintiff alleged that mental health unit staffers, not the defendant deputies, denied him help. Moreover, even if he had mentioned the defendant deputies in that grievance, he did not appeal. *Pozo*, 286 F.3d at 1025. In the second grievance, plaintiff allegedly talked with Deputy Marshall to resolve it, but he further alleged that the mental health unit *was* seeing him, and his primary complaint was that unit had not placed him in a mental health treatment facility, which by itself was also insufficient to put the jail on notice of the issues related to the defendant deputies in this case. *Schillinger*, 954 F.3d at 995.

As for his administrative remedies through the disciplinary process, plaintiff did not exhaust because he waived his right to formal hearings and his right to appeal. *See Nigl v. Meisner*, 805 F. App'x 431, 433 (7th Cir. 2020) ("[Plaintiff] chose to abandon available administrative remedies as a result of his decision to admit guilt and waive his rights").

---

[3] Plaintiff raises arguments about probation and parole agents failing to provide him with mental health resources, but the court denied him leave to proceed on those claims. (Dkt. #15, at 6.)

Even acknowledging inconsistencies with some of plaintiff's waivers, including that jail staff sometimes signed the waiver for him, there is *no* evidence that he ever asserted in his disciplinary or grievance processes that his mental health problems had caused him to act out.

Accordingly, defendants have proven that plaintiff failed to exhaust his claims in this lawsuit, all of which must, therefore, be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice"). This means plaintiff can technically refile these claims if he can successfully exhaust them, but he will likely find it impossible to file a proper grievance because the relevant events happened too long ago.

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment (dkt. #35) is GRANTED, and plaintiff Brandon Stull's claims in this lawsuit are DISMISSED without prejudice.

2) Plaintiff's motion to "squash" failure to exhaust remedies (dkt. #39) is DENIED.

3) Defendants' motion to compel plaintiff's deposition (dkt. #41) is DENIED AS MOOT.

4) The clerk of court is directed to enter final judgment accordingly.

Entered this 6th day of May, 2024.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge